WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hisun Motors Corp., U.S.A., a Texas corporation and Metal Motorsports, Inc., an Arizona corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>Automotive Testing and Development Services, Inc., a California corporation,<br><br>Defendant. | No. CV11-1918-PHX DGC<br><br>**ORDER** |

Plaintiffs Hisun Motors Corp. ("Hisun") and Metal Motorsports, Inc. ("Metal"), entered into an oral agreement with defendant Automotive Testing and Development Services, Inc. ("ATDS"), in December 2010. Doc. 13, ¶ 9. ATDS, or its employees, agreed to obtain valid Environmental Protection Agency ("EPA") certificates of conformity and California Air Resources Board ("CARB") executive orders (collectively, "Certificates") for Hisun's entire 2012 model year product line of utility vehicles. Doc. 13 at 2.

Plaintiffs initially filed a complaint against Defendants on September 19, 2011, in Arizona state court. Doc. 14 at 1. After removal to this Court, Plaintiffs filed an amended complaint against Defendant on October 11, 2011. Doc. 1. The amended complaint asserts claims for negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and negligent supervision. Doc. 13.

1
2
3

Defendant has filed a motion to transfer venue. Doc. 12. The motion has been fully briefed. Docs.12, 15, 16. No party has requested oral argument. For reasons stated below, the Court will deny the motion.

4
5
6
7
8
9
10
11

Defendant asks the Court to transfer this case to the Central District of California (Eastern Division). 28 U.S.C. § 1404(a) authorizes such a transfer if the action could have been brought in the Central District of California and "transfer is warranted by the convenience of parties and witnesses and promotes the interests of justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). "[T]he purpose of [section 1404(a)] is to prevent the waste of time, energy and money and to protect litigants and the public against unnecessary inconvenience and expense." *Id.* (citation omitted).

12
13
14
15
16
17
18
19
20
21
22
23
24
25

The parties do not dispute that this action could have been brought in the Central District of California. The Court must determine whether Defendant has made "a strong showing of inconvenience to warrant upsetting [Plaintiff's] choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986). This determination requires the weighing of several factors: (1) Plaintiffs' choice of forum, (2) the convenience of the parties and witnesses, (3) the ease of access to sources of proof (4) the presence of a forum selection clause, (5) the state that is most familiar with the governing law, (6) the location where the relevant agreements were negotiated and executed, (7) the respective parties' contacts with the forum, (8) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (9) the relevant public policy of the forum state, and (10) the differences in the costs of litigation in the two forums. *See* 28 U.S.C. § 1404(a); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir.2000); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir.1988); *Decker Coal*, 805 F.2d at 843.

26

**I.      Plaintiff's choice of forum**

27
28

Plaintiffs elected to file their claim in the District of Arizona. There is ordinarily

1
2
3
4
5
6

"a strong presumption in favor of the plaintiff's choice of forum," such that great weight and substantial deference is generally afforded to a plaintiff's choice. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 265 (1981); *see also Sinochem Intern. Co., Ltd. V. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 423 (2007); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Decker Coal,* 805 F.2d at 843.  This factor weighs strongly against transfer.

7

## II.     Convenience of the parties and witnesses

8
9
10
11
12
13
14
15

Plaintiff Hisun is a Chinese corporation with its principal place of business in Carrollton, Texas.  Doc 15 at 13.  Plaintiff Metal is an Arizona corporation with its principal place of business in Tempe, Arizona.  *Id.* Plaintiffs have retained Arizona counsel.  Defendant ATDS is incorporated in California and headquartered in Ontario, California, but has an office in Arizona and conducts business here.  Doc. 7 at 3, Doc. 15 at 10.   Given Defendant's connection with Arizona, any inconvenience caused by litigating in this Court would be less than that suffered by Plaintiffs if the case were transferred to the Central District of California.

16
17
18
19
20
21
22

Plaintiffs' witnesses reside in Arizona, Texas, and China.  Doc. 15 at 10.  Metal's employees reside in or around Tempe, Arizona, including CFO Chris Hunter.  Doc. 15 at 11.  Plaintiff Hisun's potential witnesses are located in and around Carrolton, Texas, or in China.  *Id.*  Potential non-party EPA and Customs witnesses are located in Washington, D.C., and Seattle, Washington, respectively, and are inconvenienced in either venue.  Doc. 7 at 6; Doc. 15 at 11–12.  Defendant's key witnesses are located in California.  Doc. 7 at 6.

23
24
25
26
27

Transfer of venue from Arizona to California would inconvenience Plaintiff Metal, while increasing convenience only for Defendant.   Transfer of venue which "merely shifts the inconvenience from one party to another" is not appropriate. *Warfield v. Gardner*, 346 F.Supp.2d 1033, 1044 (D. Ariz. 2004).   This factor weighs against transfer.

28

**III.    Ease of access to sources of proof.**

All data regarding Defendant's relationship with Hisun and Metal, the testing of the Utility Vehicles, and the obtaining of certificates on Plaintiffs' behalf, as well as any other of Defendant's electronically stored data, physical records, and testing equipment, is located in California.  Doc. 7 at 6.  All of Plaintiff Metal's records, computers, and document files are located in Tempe, Arizona.  Doc. 15 at 11.  Other records, from Plaintiff Hisun, the EPA, or others, are located in their respective states or countries.  Because the documents relevant to Plaintiffs' claims are primarily located in California, this factor favors transfer.

**IV.    Existence of a forum selection clause.**

Both parties provide a written contract dated July 11, 2011, containing a clause which establishes California as the "Governing Law" and provides that "[a]ll disputes controversies or differences that may arise between ATDS and the 'Client', as a result of this contract shall be settled under the laws of the State of California."  (Punctuation and capitalization in original).   Doc. 15-4, Ex. D, at 7; Doc. 12-1, attachment 1, at 6.  Plaintiffs assert that this is not a forum selection clause, but a "choice of law provision," and does not mandate that Plaintiffs bring its claim in the Central District of California. *Id.* at 14–15.  Defendants concede that the clause mandates only application of California law, not the selection of a California forum.  Doc. 16 at 3.  This factor is neutral.

**V.    The state most familiar with the governing law.**

Defendant asserts that because Plaintiff Hisun's written contract with ATDS requires that California law apply, the case must be transferred to California.  Doc. 12 at 2–3; Doc. 16 at 3.  Plaintiffs claim that the choice of law provision does not govern Plaintiffs' breach of contract claims because the alleged breach is not of the written contract, but of an oral contract formed between the parties in December 2010 and substantiated through written communications between the parties over the next five months; certain of Plaintiffs' claims are based in tort, and would not be governed by a

- 4 -

contractual forum selection clause; and Plaintiff Metal was not a signatory to the July contract and is not bound by it.  Doc. 15 at 14.  Given these assertions, it appears that a choice-of-law decision will be required in this case.  Because the issue has not been briefed thoroughly, the Court cannot determine at this time whether California or Arizona law will apply.  As a result, for present purposes, this factor is neutral.

**VI.     Where relevant agreements were negotiated and executed.**

Defendant argues that substantial negotiations occurred in California because the two ATDS employees involved with Plaintiffs reside in California and performed all of the work in obtaining the certificates for Plaintiffs in California.[1]  Doc. 7 at 5.  As the negotiations were conducted entirely through electronic correspondence, telephone conversations, and written correspondence, they could similarly be said to have taken place in Arizona or in Texas.  Doc. 15 at 12.  This factor is neutral.

**VI.     The parties' contacts with the chosen forum**

Plaintiff Metal is a long-time Arizona resident.  Plaintiff Hisun is located in China and Texas, but does business in Arizona as evidenced by its connection with Metal.  Defendant is registered to do business in Arizona and maintains a facility in Phoenix.  Doc. 15 at 10.  Defendant alleges it had no contact with Plaintiff Metal in Arizona and that its contacts here are unrelated to this case.  Doc. 16 at 6.  Even if true, the parties' general contacts with this state weigh against transfer.

**VII.     The availability of compulsory process to compel attendance of witnesses**

Two key witnesses – employees of Defendant who procured the certificates – are located outside the subpoena power of this Court.  *See* Doc. 7 at 6; Doc. 16 at 7; Fed.R.Civ.P. 45(b)(2).  Defendant has terminated both employees.  Doc. 16 at 7.  There are no non-cooperative, non-parties residing in Arizona – all parties located here are

---

[1] The parties dispute whether the testing of the vehicles, which took place in California, is at issue in this litigation.  Doc. 15 at 13; Doc. 7 at 5.

1    current employees of Plaintiff Metal.  Doc. 15 at 11; *see also FUL Inc. v. Unified Sch.*

2    *Dist.* No. 204, 839 F.Supp. 1307, 1311 (N.D.Ill.1993) ("[I]t is generally assumed that

3    witnesses within the control of the party calling them, such as employees, will appear

4    voluntarily[.]"); *Berry v. Potter*, No. CIV 04-2922 PHX RCB, 2006 WL 335841, at *5

5    (D. Ariz. Feb.10, 2006) (discounting inconvenience to employee-witnesses).  This factor

6    favors transfer, although only slightly.  Although live testimony is preferable, the Court's

7    lack of subpoena power may be solved through the use of deposition or video testimony.

8    *See Hess v. Gray*, 85 F.R.D. 15, 25 (N.D. Ill.1979).

9    **VIII.   Relevant public policy of the forum state**

10   This factor weighs against transfer because "Arizona has a strong interest in

11   ensuring that its citizens are compensated for their injuries."  *Gates Learjet Corp. v.*

12   *Jensen*, 743 F.2d 1325, 1333 (9th Cir.1984); *see also Ochoa v. J.B. Martin & Sons*

13   *Farms, Inc.*, 287 F.3d 1182, 1193 (9th Cir.2002).

14   **IX.    Differences in the costs of litigation in the two forums.**

15   Given the recent advances in electronic communication and document production,

16   discovery costs should be about the same in either forum.  See *Television Events &*

17   *Mktg., Inc. v. Amcon Distrib. Co.*, 416 F.Supp.2d 948, 971 (D. Haw.2006).  At this stage,

18   it cannot be determined whether the costs of travel and transportation will be greater if

19   the case is tried in Arizona.  This factor is neutral.

20   **X.     Consideration of all the factors.**

21   The Court concludes that this case should not be transferred to the Central District

22   of California.  "A court should not lightly disturb a plaintiff's choice of forum."  *Holder*

23   *Corp. v. The Main Street Distrib., Inc.*, No. CV-86-1285-PHX-RCB, 1987 WL 14339, at

24   *8 (D. Ariz. Jan.16, 1987) (citing *N. Acceptance Trust v. Gray*, 423 F.2d 635, 654 (9th

25   Cir.1970)).  Defendant "must make a strong showing of inconvenience to warrant

26   upsetting [Plaintiff's] choice of forum."  *Decker Coal*, 805 F.2d at 843.  Defendant has

27   not met this burden.

28

1    **IT IS ORDERED** that Defendant Automotive Testing and Development Services,

2  Inc.'s motion for change of venue (Doc. 7) is **denied**.

3    Dated this 1st day of November, 2011.

4

5

6

7                                    David G. Campbell
                                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28