**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hisun Motors Corp, U.S.A., a Texas corporation and Metal Motorsports, Inc., an Arizona corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>Automotive Testing and Development Services, Inc., a California corporation,<br><br>Defendant. | No. CV11-1918- PHX-DGC<br><br>**ORDER** |

Plaintiffs Hisun Motors Corporation ("Hisun") and Metal Motorsports, Inc. ("Metal") brought suit against Defendant Automotive Testing and Development Services, Inc. ("ATDS"). ATDS moves to dismiss certain claims from Plaintiffs' first amended complaint ("FAC") (Doc. 13) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 17. The motion is fully briefed. Docs. 17, 19, 20. For the reasons stated below, the Court will deny the motion.[1]

**I.    Background.**

Plaintiffs originally filed this action in Maricopa County Superior Court. Doc. 1 ¶ 1. Defendant removed the case to this Court on the basis of diversity jurisdiction (Doc. 1) and moved to dismiss for failure to state a claim (Doc. 6). Plaintiffs responded

---

[1] Plaintiffs' requests for oral argument are denied. The issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed.R.Civ.P. 78(b).

by filing their FAC. Doc. 13. Plaintiffs allege the following facts which will be assumed true for the purposes of this motion.

Chongquing Huansong Industries Group Co. Ltd. ("Huansong") is a Chinese manufacturer of all-terrain vehicles ("ATVs"). *Id.* at 3. Hisun is an importer and distributer for Huansong's ATVs. *Id.* Hisun, a Texas corporation, is a wholly owned subsidiary of Huansong. *Id.* at 2. Tomoto Industries, Inc. ("Tomoto") is a former representative of Huansong and an affiliate of Hisun. *Id.* Huansong presently owns the majority share in Tomoto. *Id.* Metal, an Arizona corporation, is a distributor of Hisun's ATVs. *Id.* at 3.

In December 2010, Sylvia Sagita had a telephone conversation with Christine Leeper, an employee of ATDS. *Id.* Sagita was employed at the time with Tomoto and was Hisun's representative and agent. *Id.* Sagita requested that ATDS apply for and obtain certificates of conformity from the Environmental Protection Agency ("EPA") and executive orders from the California Air Resources Board ("CARB") for Hisun's line of ATVs (collectively "Certificates"). *Id.* The Certificates are necessary for Hisun and Metal to sell the ATVs lawfully in the United States. *Id.* at 2. The Certificates also are required for the ATVs to be shipped into the United States. *Id.*

During the conversation between Sagita and Leeper, Leeper "verbally accepted and agreed that ATDS would apply for and obtain from the EPA and CARB the Certificates for Hisun's entire 2012 model year product line, including all of Hisun's models to be distributed by Metal, in exchange for payment and other valuable consideration." *Id.* at 3. The FAC alleges that the two communicated by phone and email, with Leeper stating that ATDS would timely and successfully obtain the Certificates. *Id.* at 4–5. The FAC also alleges that conversations occurred between Leeper and other Hisun representatives, including Shirley Lin and Jason Sun, about progress on the Certificates. *Id.* at 4. "On May 31, 2011, ATDS, through Leeper, presented to and provided Hisun and Metal with EPA certificates that it represented were true and valid [.]" *Id.* at 5.

Hisun and Metal placed orders with Huansong for approximately 1,561 ATVs in reliance on ATDS's assurances that the Certificates had been validly issued. *Id.* As the shipments began to arrive in Seattle, Metal presented the Certificates to United States Customs and Border Protection ("CBP") agents. *Id.* at 6. The EPA informed Metal, however, that the Certificates were not valid and the ATVs could not be imported. *Id.* Some 1,141 ATVs that arrived in Seattle have been detained by CBP. *Id.*

Plaintiffs Metal and Hisun allege claims for negligent misrepresentation, negligent supervision, and promissory estoppel. Plaintiff Hisun also alleges claims for breach of oral contract and breach of the implied covenant of good faith and fair dealing. Defendant ATDS moves to dismiss Metal's claims for negligent misrepresentation and negligent supervision, Hisun's claims of breach of contract and breach of the implied covenant of good faith and fair dealing, and both Plaintiffs' promissory estoppel claims.

## II. Standard for Rule 12(b)(6) Motion.

When analyzing a complaint for failure to state a claim to relief, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal and satisfy the pleading requirements of Rule 8(a), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. Count I: Negligent Misrepresentation.

ATDS moves to dismiss Metal's claim for negligent misrepresentation. Arizona has adopted the definition of negligent misrepresentation stated in Restatement (Second)

of Torts section 552(1):

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 341 (Ariz. Ct. App. 1996) (citing *Donnelly Const. Co. v. Oberg/Hunt/Gilleland*, 677 P.2d 1292, 1296 (Ariz. 1984), *overruled on other grounds by Gipson v. Kasey*, 150 P.3d 228, 231 (Ariz. 2007)).

ATDS argues that the FAC does not allege any communications between ATDS and Metal before the vehicles arrived in Seattle. The FAC alleges , however, that "[o]n May 31, 2011, ATDS, through its representative Leeper, presented to and provided Hisun and Metal with EPA certificates that it represented were true and valid [.]" Doc. 13 at ¶ 16. The FAC thus alleges that ATDS made a misrepresentation to Metal prior to arrival of the vehicles.

ATDS argues that it cannot be liable to Metal because Metal was not the importer of record, Metal did not have a contractual relationship with ATDS, and Metal was only a distributor in the supply chain. Metal argues that a contractual relationship is not required and that liability can be found where a defendant makes a misrepresentation to a plaintiff or another and intends that the plaintiff rely upon, or can reasonably foresee that the plaintiff will rely upon, the misrepresentation. Doc. 19 at 8.

Determining whether a duty of care exists is a legal, not a factual matter. *Gipson*, 150 P.3d at 231. "Duties of care may arise from special relationships based on contract, family relations, or conduct undertaken by the defendant." *Id.* at 232 (citing *Stanley v. McCarver*, 92 P.3d 849, 851 (Ariz. 2004)). Courts may look to categorical relationships under the common law or the Restatements or statutes to determine the existence of a duty. *See id.*

Arizona has adopted Section 552 of Restatement (Second) of Torts to define negligent misrepresentation's scope of liability. *Standard Chartered PLC*, 945 P.2d at 341. Section 552(2) defines the scope as follows:

> Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
>
> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
>
> (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

The FAC alleges that ATDS, through Leeper, provided the misrepresentations directly to Metal. FAC at ¶ 16. Taken as true, this allegation provides sufficient facts for a plausible claim for relief. The motion to dismiss Claim I for negligent misrepresentation as to plaintiff Metal is denied.[2]

### IV. Count V: Negligent Supervision.

ATDS argues that it cannot be liable to Metal for negligent supervision because its employee did not commit negligent misrepresentation. Because this Court has denied the motion to dismiss the negligent misrepresentation claim, this argument fails.

### V. Counts II and III: Breach of Contract and Breach of Good Faith.

#### A. Choice of Law.

ATDS asserts that the Court must apply California law in deciding Hisun's contract claim. Hisun argues that Arizona law applies. In support of its argument, ATDS attaches a written contract dated July 11, 2011, and executed July 15, 2011, by a

---

[2] For the first time in its reply brief, ATDS makes several new arguments about whether the complaint satisfies various elements of negligent misrepresentation. Doc. 20 at 2–5. Arguments not raised in an opening brief are typically waived. *See, e.g.*, *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008). Because Metal has not had a chance to respond to these arguments, the Court will not entertain them.

representative of Hisun for testing services. Doc. 17-1. The contract includes a choice of California law. *Id.* at 7. Hisun and ATDS do not contest the authenticity of the contract, but they do dispute its applicability to the alleged oral contract. Hisun argues that the oral contract preceded the parties' written contract and that the parties did not contemplate the oral contract as being incorporated into the written contract.

Because this case is brought in Arizona, Arizona law controls the choice of law issue. *See Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001). This Court need not decide a choice of law issue, however, if the result would be the same under the laws of both states. *See Gianaculas v. Trans World Airlines, Inc.*, 761 F.2d 1391, 1393 (9th Cir. 1985). Because the result of ATDS's motion to dismiss the breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel claims will be the same under Arizona or California law, as shown by the citations below, the Court need not decide whether the parties' alleged oral contract is subject to the written contract's choice of law provision.

**B.     Standards for Breach of Contract.**

To sustain a breach of oral contract claim under either Arizona or California law, a plaintiff must allege the existence of a contract, breach, and damages. *Careau & Co. v. Sec. Pac. Bus. Credit Inc.*, 272 Cal. Rptr. 387, 395 (Cal. Ct. App. 1990); *Graham v. Asbury*, 540 P.2d 656, 657 (1975). California also requires that a plaintiff allege performance or excuse for performance. *Careau & Co.*, 272 Cal. Rptr. at 395.

Under Arizona law, a contract requires an offer, acceptance, consideration, and "sufficient specification of terms so that obligations involved can be ascertained." *K-Line Builders, Inc. v. First Fed. Sav. & Loan Ass'n*, 677 P.2d 1317, 1320 (Ariz. Ct. App. 1983). In California, a contract requires parties capable of contracting, mutual assent, a lawful object, and consideration. Cal. Civ. § 1550 (West 2011).

**C.     Consideration.**

The FAC alleges that in exchange for obtaining the Certificates, ATDS was to receive "payment and other valuable consideration." FAC ¶ 10. ATDS argues that the

FAC fails to establish a valid, enforceable contract between Hisun and ATDS because the FAC does not specify the amount or the terms of payment.[3] Doc. 17 at 6:24–25. The issue is whether a plaintiff must specify more details than the mere allegation of consideration to state a breach of contract claim.

Whether something qualifies as consideration is a legal conclusion. On its own, a legal conclusion is not entitled to the assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (2009). The FAC also alleges, however, that ATDS agreed to apply for the Certificates in exchange for payment. Viewed in the light most favorable to the non-moving party, an alleged promise of payment is a sufficient factual allegation of consideration to survive a motion to dismiss.

In a nearly identical argument, ATDS argues that because the FAC does not allege specific contract terms, such as the payment amount or terms, the contract fails for lack of consideration. Doc. 17 at 6:24–25. An absence of specific terms goes to whether the parties intended to be bound and not to the element of consideration. *Shade v. Dietrich*, 760 P.2d 1050, 1058 (Ariz. 1988); *Cal. Lettuce Growers, Inc. v. Union Sugar Co.*, 289 P.2d 785, 790 (Cal. 1955) (en banc) (tying indefinite terms to the intention of parties). Hisun has alleged facts to show ATDS intended to be bound, including ongoing telephone conversations wherein ATDS promised to obtain the Certificates, and ATDS's actual application for and delivery of the Certificates. Doc. 13 at ¶ 12–16, 26.

Lastly, ATDS argues that absent an agreed price, the contract fails as a matter of law because price is a material term, citing *Alaimo v. Tsunoda*, 29 Cal. Rptr. 806, 807 (Cal. Ct. App. 1963). Doc. 17 at 7. Hisun alleges payment and other consideration without explaining the details. ATDS argues that this lack of specificity is motivated by Hisun's desire to "get past the pleading stage by alleging merely that there was 'consideration' for the contract." Doc. 20 at 6:24–25. But a complaint need only contain

---

[3] ATDS, in its reply brief, alleges that it never received payment from Hisun. Doc. 20 at 5 ("In fact, ATDS contends that it has no record of ever receiving payment."). As noted above, arguments made for the first time in a reply brief will not be considered by the Court.

- 7 -

"factual allegations . . . to raise a right to relief above the speculative level[.]" *Bell Atl. Corp.*, 550 U.S. at 555. Asserting that parties agreed to payment in an oral contract sufficiently states a claim for breach of contract. *Cf. Flex Homes, Inc. v. Ritz-Craft Corp. of Michigan*, 721 F. Supp. 2d 663, 670–71 (N.D. Ohio 2010) (dismissing oral contract where plaintiff "does not mention, suggest, or imply the existence of an oral contract."). The motion to dismiss Claim II for breach of contract is denied.

### D. Breach of Implied Covenant of Good Faith and Fair Dealing.

ATDS's sole argument to dismiss Count III relies on its assertion that Hisun failed to plead an enforceable contract. As the motion to dismiss the breach of contract claim fails, so does this argument.

## VI. Count IV- Promissory Estoppel.

ATDS moves to dismiss Hisun and Metal's claims for promissory estoppel. Arizona and California follow the definition of promissory estoppel set forth in the Restatement (Second) of Contracts § 90(1). *Chewning v. Palmer*, 650 P.2d 438, 440 (Ariz. 1982); *C & K Eng'g Contractors v. Amber Steel Co.*, 587 P.2d 1136, 1138 (Cal. 1978). The remedy is equitable in nature and is used when a plaintiff is unable to establish an otherwise enforceable contract. *Double AA Builders, Ltd. v. Grand State Constr., L.L.C.*, 114 P.3d 835, 843 (Ariz. Ct. App. 2005) ("Promissory estoppel provides an equitable remedy and is not a theory of contract liability."); *Kajima/Ray Wilson v. L.A. Cnty. Metro. Transp. Auth.*, 1 P.3d 63, 66 (Cal. 2000) ("Promissory estoppel is a doctrine which employs equitable principles to satisfy the requirement that consideration must be given in exchange for the promise sought to be enforced.") (quoting *Raedeke v. Gibraltar Sav. & Loan Assn.*, 517 P.2d 1157, 1161 (Cal. 1974) (en banc)) (internal quotations omitted).

The elements of promissory estoppel are "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *U.S. Ecology, Inc. v. State*, 28 Cal.Rptr.3d 894, 905 (Cal. Ct.

App. 2005); *see also Contempo Const. Co. v. Mountain States Tel. & Tel. Co.*, 736 P.2d 13, 16 (Ariz. Ct. App. 1987).

### A. Metal's Claim for Promissory Estoppel.

ATDS's sole argument against Metal's claim for promissory estoppel is that Metal does not have "contractual privity" with ATDS. Contractual privity is not a required element of promissory estoppel. The motion to dismiss the promissory estoppel against Metal is denied.[4]

### B. Hisun's Claim for Promissory Estoppel and Pleading Standards.

ATDS argues that Hisun fails to plead promissory estoppel sufficiently under Arizona law, California law, and Rule 9(b).[5] The Federal Rules of Civil Procedure defines the pleading standard in federal court. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

#### 1. Federal Pleading Standards for Promissory Estoppel Claims.

ATDS argues that a claim for promissory estoppel must satisfy the heightened pleading requirement of Rule 9(b) because Hisun's promissory estoppel claim avers fraud. Rule 9(b) requires a plaintiff pleading fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) applies to any cause of action that "sounds in fraud" or is "grounded in fraud," even when the cause of action is not fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

In *Hasan v. Ocwen Loan Servicing, LLC*, the district court held that Rule 9(b) applies to promissory estoppel claims "because promissory estoppel involves false statements and conduct amounting to misrepresentation." No. 2:10-CV-00476-RLH,

---

[4] In its reply brief, ATDS attempts for the first time to add Metal to its remaining arguments concerning promissory estoppel. Again, arguments raised for the first time in a reply brief will not be considered by the Court.

[5] None of the parties argued or briefed whether the pleading standard for a promissory estoppel claim in federal court would be controlled by state or federal law. Because the Court finds that Hisun satisfies all the various pleading standards, the Court need not address the issue either.

- 9 -

2010 WL 2757971 (D. Nev. July 12, 2010). Other cases disagree. *See, e.g.*, *Errico v. Pac. Capital Bank, N.A.*, 753 F. Supp. 2d 1034, 1048–49 (N.D. Cal. 2010) (applying heightened pleading requirement to fraud and negligent misrepresentation claims, but not promissory estoppel claim). The Court concludes that promissory estoppel does not always include fraud.

"Promissory estoppel . . . generally does not involve a misrepresentation but a promise by one party . . . . It operates not in regard to a past or presently existing state of facts, but rather to a situation which one party promises will be true in the future." *Tiffany Inc. v. W.M.K. Transit Mix, Inc.*, 493 P.2d 1220, 1224 (Ct. App. Ariz. 1972). A promise of future action generally constitutes fraud only if the promisor, at the time of making the promise, does not have the present intent to fulfill the promise. *Frank Lloyd Wright Found. v. Kroeter*, 697 F. Supp. 2d 1118, 1130 (D. Ariz. 2010); *see also Spudnuts, Inc. v. Lane*, 641 P.2d 912, 914 (Ariz. Ct. App. 1982) ("[F]raud cannot be predicated on unfulfilled promises . . . unless such were made with the present intent not to perform."). Thus, while some claims of promissory estoppel may involve fraudulent promises, not all do. Rule 9(b) will govern a claim of promissory estoppel only if the plaintiff alleges that the speaker had knowledge of falsity and intended to defraud.

Hisun alleges that ATDS knew or should have known that the promises it made were false (Doc. 13 at ¶ 62), but does not allege that ATDS intended to defraud Hisun when it promised to deliver the Certificates. The promissory estoppel claim therefore does not aver fraud and Rule 9(b) does not apply.

### 2. Hisun Satisfied Rule 9(b)'s Pleading Standard.

Even if Rule 9(b) requires Hisun to plead with particularity its promissory estoppel claim, the claim would survive dismissal. Rule 9(b) requires that claims allege the "who, what, when, where, and how" of the fraudulent conduct charged. *Vess*, 317 F.3d at 1106. "A pleading is sufficient under [R]ule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

Hisun alleges the specific parties to the communications: ATDS employee Leeper and Hisun representative Sagita. Hisun alleges specific dates for some communications and general date ranges for others. Hisun alleges communication of the promise by email and phone. Hisun also alleges the specific content of the statements: that ATDS would obtain the Certificates. This is sufficient for ATDS to defend against the charges. Hisun's claim for promissory estoppel states the circumstances with sufficient particularity.

### 3. Other arguments against Hisun's Promissory Estoppel Claim.

ATDS argues that Hisun fails to allege Leeper's authority to speak for and bind her employer, ATDS. ATDS cites the California case of *Lazar v. Superior Court* for the proposition that an employee pleading fraud against a corporate employer in California state court faces an even higher pleading requirement than the heightened pleading requirements for fraud. 12 Cal. 4th 631, 645, 909 P.2d 981, 989 (Cal. 1996). But Hisun is not an employee who has alleged fraud against its corporate employer. This standard does not apply to Hisun's promissory estoppel claim.

ATDS argues that the complaint does not allege how Sagita communicated Leeper's statements to others within Hisun, but such factual detail is not required to state a claim for promissory estoppel.

ATDS argues that the FAC does not allege the "knowingly false" element, but promissory estoppel does not have a knowingly false element.

ATDS argues that justifiable reliance, an element of promissory estoppel, must be pled with particularity. A plaintiff must assert facts showing reliance and cannot simply assert a conclusory allegation of reliance. *Smith v. S.F.*, 275 Cal. Rptr. 17, 23 (Cal. Ct. App. 1990) (dismissing promissory estoppel claim where plaintiff made conclusory allegation of reliance without showing any facts to demonstrate reliance). Reliance is shown when a plaintiff, on the basis of the promise, makes a substantial change of position. *Id.* Hisun alleges that after ATDS promised to obtain the Certificates on multiple occasions, "Hisun and Metal placed orders with Huansong for the production of

| | |
|---|---|
| 1 | vehicles it believed and intended to be covered by the 2012 EPA Certificates provided by |
| 2 | ATDS." Doc. 13 at 13. Taken as true, this allegation shows reliance with sufficient |
| 3 | particularity to survive a motion to dismiss. |
| 4 | **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 17) is **denied**. |
| 5 | Dated this 2nd day of March, 2012. |

*/s/ David G. Campbell*
David G. Campbell
United States District Judge